U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

DEC - 5 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CARLOS SEMEDO | : | DOCKET NO. 2:08-cv-886 |
| VS. | : | JUDGE MINALDI |
| MICHAEL MUKASEY, ET AL. | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a petition for Writ of *Habeas Corpus*, filed pursuant to 28 U.S.C. § 2241 by Carlos Semedo. Doc. 1. Petitioner alleges that Immigration and Customs Enforcement (ICE) is detaining him unlawfully. *Id.* For the reasons stated below, this court recommends that Petitioner Semedo's petition for Writ of *Habeas Corpus* be denied and dismissed with prejudice.

### Factual Background

Petitioner is a native of Portugal, approved for lawful permanent alien status in 1994. Doc. 9, at 1; Doc. 9, Exhibit A. On January 14, 2005, ICE issued to petitioner a Notice to Appear before an immigration judge, charging that petitioner was deportable pursuant to § 237(a)(2)(C) of the Immigration and Nationality Act (8 U.S.C. § 1227(a)(2)(C)).[1] The underlying conviction occurred in the Suffolk County Superior Court (Boston, Massachusetts) for the offense of "possession of a firearm not having been issued [a] firearm card."[2] Doc. 9, Exhibit 1.

---

[1] This section provides that certain firearms offenses, including possession of a firearm in violation of any law, are deportable offenses. 8 U.S.C. § 1227(a)(2)(C).

[2] Petitioner was sentenced to a one year term of imprisonment by the Superior Court. Doc. 9, Exhibit 1.

1

An immigration judge determined that petitioner should be deported at a November 1, 2005 hearing. *Id.* (Immigration Case No. A 72-177-916). Subsequently, the judge issued a written ruling, dated January 3, 2006, citing as reasons for his decision petitioner's firearms convictions in addition to two drug possession convictions. *Id.* Because the immigration judge determined that petitioner's second of two drug possession charges qualified as an aggravated felony under *United States v. Sanchez-Villalobos*, 412 F.3d 572 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1142 (2006), petitioner was determined to be ineligible for relief from removal.

The Board of Immigration Appeals dismissed petitioner's appeal on October 31, 2006 and denied reconsideration on January 26, 2007. The board determined that the immigration judge correctly found petitioner's second possession offenses qualified as an aggravated felony. Doc. 9, Exhibit A (Immigration Case No. A 72-177-916)

On November 30, 2006, petitioner filed a Petition for Review with the Fifth Circuit Court of Appeal. *Id.* (Fifth Circuit Docket No. 06-61102). The appeal court granted petitioner a stay of deportation and subsequently remanded the case to the Board of Immigration Appeals for further consideration of whether petitioner's second drug possession conviction qualified as an aggravated felony in light of the newly determined case *Lopez v. Gonzales*, 549 U.S. 47 (2006). Doc. 9, Exhibit A ( Fifth Circuit Docket No. 06-61102).

On January 31, 2008, the Board of Immigration Appeals issued a determination in light of the Fifth Circuit's remand order. Doc. 9, Exhibit A (Immigration Case No. A 72-177-916). The board held that *Lopez* did not dictate a result different than that previously entered by the immigration judge. *Id.* Specifically, the board again determined that, under Fifth Circuit law, petitioner's second drug conviction constituted an aggravated felony. *Id.*

2

Petitioner next filed a Petition for Review with the First Circuit Court of Appeal challenging the board's decision on February 22, 2008. *Id.* (First Circuit Docket No. 08-1247). At the same time, petitioner filed a Motion for Stay of Removal. *Id.* Petitioner also filed a Petition for Review in the Fifth Circuit. *Id.* (Fifth Circuit Docket No. 08-60150)

On February 29, 2008, the First Circuit transferred the petition and motion to the Fifth Circuit, and the two cases were consolidated. *Id.* The Fifth Circuit then stayed petitioner's removal, and, at the request of respondent, stayed determination of petitioner's case pending decision in a similar case, *Carachuri-Rosendo v. Mukasey*, 07-61006. *Id.*; Doc. 9, Exhibit B.

The decision remains pending before the Fifth Circuit.

### Appicable Law

According to 8 U.S.C. § 1226(c)(1)(A), custody of an alien pending determination of whether the alien is to be removed is proper if the alien is "inadmissible to the United States," as defined at 8 U.S.C. § 1182(a)(2)(i)(II), due to a criminal conviction for a violation of a law relating to a controlled substance. The Attorney General's judgment regarding the application of this section is not subject to judicial review. "No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e).

In *Demore v. Kim*, 538 U.S. 510, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003), the Supreme Court held that § 1226(e) does not bar *habeas* review. However, the Court also recognized that detention of deportable criminal aliens during removal proceedings is "a constitutionally permissible part of the process." *Demore*, 538 U.S. at 530, 123 S. Ct. at 1721-22, 155 L. Ed. 2d 724.

3

When removal proceedings end, the removal period begins. This point is statutorily defined in 8 U.S.C. § 1231(a)(1)(B). According to this section the removal period begins on the latest of:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

From the date that the removal period begins, the Attorney General is afforded a 90-day period to effectuate removal. 8 U.S.C. § 1231(a)(1)(A).

Once the removal period has begun, *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 controls. According to *Zadvydas*, once the removal period has begun, confinement is presumptively reasonable for up to six months, after which time, the alien may assert that release is proper because there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701, 121 S. Ct. at 2505, 150 L. Ed. 2d 653.[3]

## Analysis

Based on petitioner's drug convictions, mandatory detention pending the beginning of the removal period under 8 U.S.C. § 1226(c)(1)(A) is proper. *Demore*, 538 U.S. at 530, 123 S. Ct. at 1721-22, 155 L. Ed. 2d 724. Petitioner challenges his continued detention under *Zadvydas*.

---

[3] The Supreme Court in *Demore* specifically distinguished *Zadvydas*. The Court noted that confinement pending removal proceedings, at issue in *Demore*, has a definite termination point, while detention once the removal period has begun, at issue in *Zadvydas*, has no obvious termination point. *Demore*, 38 U.S. at 529, 123 S. Ct. at 1720-21, 155 L. Ed. 2d 724. Additionally in *Zadvydas*, "the aliens challenging their detention following final orders of deportation were ones for whom removal was no longer practically attainable," while in *Demore*, the Court noted that mandatory detention pending removal proceedings "serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528, 123 S. Ct. at 1720, 155 L. Ed. 2d 724.

4

However, *Zadvydas* is inapplicable until the removal period begins. *Id.* at 529-30, 123 S. Ct. at 1721-22, 155 L. Ed. 2d 724.

Here, the removal period has not begun under 8 U.S.C. § 1231(a)(1)(B)(ii), which provides that "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order" begins the removal period. Because the Fifth Circuit has ordered a stay of removal pending the outcome of the case *Carachuri-Rosendo v. Mukasey*, 07-61006, and has not issued a final order [Doc. 9, Exhibit A, Fifth Circuit Docket No. 08-60150; Doc. 9, Exhibit B], the removal period has not begun and, under *Demore*, petitioner's continued detention is permissible.

## Conclusion

For the foregoing reasons, it is the recommendation of the undersigned that petitioner's Petition for Writ of *Habeas Corpus* [Doc. 1], be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by

5

the District Court, except upon grounds of plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of December, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE